**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANTHONY LEONARD FLOYD,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:15-1691** |
| : | |
| **v** : | |
| : | **(JUDGE MANNION)** |
| **DEPT. OF CORR. , et al.,** : | |

**MEMORANDUM**

**I. Background**

Plaintiff, Anthony Leonard Floyd, an inmate confined in the State Correctional Institution, Camp Hill ("SCI-Camp Hill"), Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). Plaintiff names as Defendants the Department of Corrections, and the following SCI-Camp Hill employees: Mr. Radziewicz, CCPM Manager; Mr. Whalen, Unit Manager; Mrs. Easterday, GED teacher; and Correctional Officer Kerstetter. Id. Plaintiff alleges that Defendants improperly denied him admission to GED classes at SCI-Camp Hill. Id. Specifically, he claims that Defendants told him he was ineligible for this program because he is a temporary transfer to SCI-Camp Hill. Id.

On January 5, 2016, Defendants filed a motion to dismiss Plaintiff's

complaint or for a more definite statement, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(e), along with a brief in support. (Docs. 21, 22).

By Order dated February 5, 2016, the Court directed Plaintiff to file a brief in opposition to Defendants' pending motion to dismiss. (Doc. 25). The Court forewarned Plaintiff that his failure to file a brief in opposition on, or before, February 25, 2016, would result in the motion being deemed unopposed and granted without a merits analysis. Id. To date, Plaintiff has neither filed a brief in opposition to Defendants' motion, nor requested an enlargement of time within which to do so.

## II. Discussion

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis).

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors

2

which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994). No single factor is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal ... is reserved for the instances in which it is justly merited." Poulis, 747 F.2d at 870.

Adequate grounds have been established for the extreme sanction of dismissal. Plaintiff's brief in opposition to Defendants' motion to dismiss was due on February 25, 2016. At this point, the Court has been waiting for more than six months for Plaintiff to move the litigation forward and can only conclude that he is personally responsible for failing to comply with Court orders. Plaintiff's failure to litigate this claim or comply with this Court's February 5, 2016 Order now wholly frustrates and delays the resolution of this action. In such instances, the Defendants are plainly prejudiced by the

3

Plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506 (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended complaint prejudices defense and compels dismissal). However, regardless of a response, the factor that weighs most heavily in favor of dismissal is the lack of merit to Plaintiff's claim.

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. A claim, or defense is considered meritorious when the allegations of the pleading, if established at trial, would support recovery by plaintiff. Id.

Plaintiff alleges that Defendants denied him entry into the GED program

4

because he was a "temporary transfer" to SCI-Camp Hill. (Doc. 1, complaint). However, prisoners have no constitutional right to an education. See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) ("Prisoners have no constitutional right to ... education"); Wenk v. N.J. State Prison Educ. Dep't, Civil Action No. 11-5774, 2011 WL 6002097, at *1 (D. N.J. Nov. 29, 2011); Mason v. Educ. Dep't, Civil Action No. 08-129, 2008 WL 2219304 (D. Del. May 28, 2008) ("[Plaintiff] contends he is being denied education and schooling. Unfortunately for [Plaintiff], prisoners have no constitutional right to an education"). See also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (inmate has no legitimate statutory or constitutional entitlement in eligibility for rehabilitative program sufficient to invoke due process when eligibility decision is discretionary with prison officials); McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (no inmate right to rehabilitative programming); Stankowski v. Farley, 487 F. Supp. 2d 543, 572 (M.D. Pa. 2006), appeal dismissed, 251 Fed. Appx. 743 (3d Cir. 2007) (same). Accordingly, Plaintiff's complaint is subject to dismissal as being legally frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). However, it

is clear that the majority of the six factors weigh heavily in favor of Defendants and dismissal of the action for failure to prosecute.

## III. Conclusion

Based upon the present circumstances, dismissal of this action for failure to prosecute is warranted under the standards announced in Poulis and Stackhouse. A separate Order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:** August 15, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1691-01.wpd